IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KEVIN D. PINKERTON,

    Plaintiff,

vs.                              Case No. 07-1395-JTM

MICHAEL J. ASTRUE,
    Commissioner of Social Security,

    Defendant.

MEMORANDUM AND ORDER

Plaintiff Kevin Pinkerton has applied for Social Security disability benefits. His application was denied by the ALJ on June 2, 2006, a decision affirmed by the Appeals Council on October 13, 2007. There is one allegation of error by Pinkerton – that the ALJ failed to properly account for a second consultative examination.

Plaintiff-claimant Pinkerton was born in 1958. He states in his application that he became disabled on February 12, 2002, due to a variety of ailments, including depression or personality disorder, degenerative disease of the knee, and fibromyalgia. Pinkerton has a high school education, and has previously worked as an equipment operator and pipe fitter. The detailed facts of the case, which are incorporated herein, are set forth independently in the ALJ's opinion (Tr. 16-21), and set forth *seriatim* in the argument sections of briefs of the plaintiff (Dkt. No. 8, at 3-6) and the Commissioner (Dkt. No. 15, at 3-9).

The Commissioner determines whether an applicant is disabled through to a five-step sequential evaluation process (SEP) pursuant to 20 C.F.R. §§ 404.1520 and 416.920. An applicant has the burden of proof in the first three steps: she must show whether she is engaged in substantial gainful activity, she has a medically-determinable, severe ailment, and whether that impairment matches one of the listed impairments of 20 C.F.R. pt. 404, subpt P., app. 1. *See Ray v. Bowen*, 865 F.2d 222, 224 (10th Cir. 1989). If a claimant shows that she cannot return to her former work, the Commissioner has the burden of showing that she can perform other work existing in significant numbers in the national economy. 20 C.F.R. § 404.1520(f). *See Channel v. Heckler*, 747 F.2d 577, 579 (10th Cir. 1984).

The court's review of the Commissioner's decision is governed by 42 U.S.C. 405(g) of the Social Security Act. Under the statute, the Commissioner's decision will be upheld so long as it applies the "correct legal standard," and is supported by "substantial evidence" of the record as a whole. *Glenn v. Shalala*, 21 F.3d 983, 984 (10th Cir. 1994).

Substantial evidence means more than a scintilla, but less than a preponderance. It is satisfied by evidence that a reasonable mind might accept to support the conclusion. The question of whether substantial evidence supports the Commissioner's decision is not a mere quantitative exercise; evidence is not substantial if it is overwhelmed by other evidence, or in reality is a mere conclusion. *Ray*, 865 F.2d at 224. The court must scrutinize the whole record in determining whether the Commissioner's conclusions are rational. *Graham v. Sullivan*, 794 F. Supp. 1045, 1047 (D. Kan. 1992).

This deferential review is limited to factual determinations; it does not apply to the Commissioner's conclusions of law. Applying an incorrect legal standard, or providing the court

with an insufficient basis to determine that correct legal principles were applied, is grounds for reversal. *Frey v. Bowen*, 816 F.2d 508, 512 (10th Cir. 1987).

In the present case, the ALJ concluded that Pinkerton was severely impaired by depression or personality disorder; osteoarthritis in the knees, an annular tear in the lumbar spine, and "possible fibromyalgia." (Tr. 18). These impairments did not meet or exceed any listed impairment contained in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926). The ALJ then concluded that Pinkerton retained the Residual Functional Capacity (RFC) to perform "a range of simple, routine, repetitive work with only occasional public contact." (*Id.*)

In performing such work, Pinkerton should lift or carry 20 pounds only on occasion, but could lift or carry 10 pounds frequently. He could sit for six hours in an 8 hour day, or sit for the same amount, altering his position, with 30 to 40 minutes shifting from sitting to standing and 20 to 30 minutes shifting from standing to sitting. He should only occasionally squat, kneel, climb, crawl, and should not engage in repetitive bending, stooping, or the use of foot pedals. This conclusion was based on the evidence in the record. (Tr. 19).

The ALJ noted that Pinkerton had submitted unsuccessful applications for benefits "on several occasions," and that his claims of disability were contradicted by his daily personal activities. (*Id.*) The ALJ found that Pinkerton's claims were not fully credible, noting a lack of attempts to obtain medical treatment after 2003, and Pinkerton's statement that his pain medication was "effective without side effects other than some drowsiness." (*Id.*)

In reaching this conclusion, the ALJ observed that of the treating medical sources, only Dr. R.M. Varner indicated that Pinkerton was substantially incapacitated. However, the ALJ found, Dr. Varner's conclusions were

> not supported in the medical record. Dr. Varner has noted some musculoskeletal complaints without evidence of significant limitations. He has prescribed medication. However, a review of his records and those of the consultative examiners have found no clinical signs typically associated with chronic musculoskeletal pain such as muscle atrophy, muscle spasms, neurological deficits, positive straight leg-raising, inflammatory signs, or bowel or bladder dysfunction. The claimant has had no surgery or inpatient hospitalization. He has not been referred for physical therapy or to any pain clinic or pain specialist for treatment.

(Tr. 20).

In the present appeal, Pinkerton stresses two reports issued by consulting psychologist Michael H. Schwartz, Ph. D. In the first, September 20, 2002 report, Dr. Schwartz stated that Pinkerton could perform simple tasks such as house painting, but should not work in a position "where he has to fit into a structure and deal with people in a consistent basis." (Tr. 389). Pinkerton would have some difficulty in interpersonal relations on the job, but Dr. Schwartz wrote that these difficulties would not be severe. (*Id*.)

In the second report, completed on June 23, 2004, Dr. Schwartz diagnosed (Axis I) a mood disorder, not otherwise specified, and (Axis II) personality with schizoid features. He assigned a Global Assessment of Functioning (GAF) score of 45. He reported that Pinkerton "could remember work location and simple procedures [but] he may have a great deal of difficulty on the job focusing and following directions" due to problems with his ability to concentrate. (Tr. 401).

The court finds no error in the ALJ's treatment of Dr. Schwartz's reports. While the ALJ did not discuss every aspect of these reports, such discussion is not required. The ALJ is obliged

<800.>

to consider all of the evidence, but need not separately discuss each item in the record. Clifton v. Chater, 79 F.3d 1007, 1009-10 (10th Cir. 1996).

Here, the ALJ's opinion summarized the two reports by Dr. Schwartz, identifying the general results and the associated GAF scores rendered in each consultation. The ALJ also explicitly noted (from the second report) Pinkerton's statement to Schwartz that he gets up at 8:00 a.m. everyday to mow. (Tr. 17, 399). This notation reflected a further, general conclusion of the ALJ--that Pinkerton's self-reported assessments of his condition were contradicted by this actual level of daily activity. Tr. 19). While the second report shows a diminution in Pinkerton's GAF score, this fact was acknowledged in the ALJ's opinion. A GAF score is not dispositive of disability. *See Petree v. Astrue*, 260 Fed.Appx. 33, 42 (10th Cir. 2007) ("a low GAF score does not alone determine disability, but is instead a piece of evidence to be considered with the rest of the record").

Here the ALJ incorporated in the RFC for Pinkerton the restriction that he have "only occasional public contact." (Tr. 18). Further, the claimant was restricted to performing only simple work. The ALJ thus incorporated into the RFC important elements of Dr. Schwartz's assessment, and the court is unable to find, in the light of all of the other evidence in the record, that the ALJ's opinion was in error.

IT IS ACCORDINGLY ORDERED this 18th day of March, 2009 that the present appeal is hereby denied.

s/J. Thomas Marten
J. THOMAS MARTEN, JUDGE